UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 21-cr-178-APM |
| | : | |
| PETER J. SCHWARTZ | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' RESPONSE TO DEFENDANT
"PETER J. SCHWARTZ'S MOTION IN LIMINE TO EXCLUDE EVIDENCE"**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby responds to Defendant Peter Schwartz's motion, filed September 27, 2022, ECF No. 141, seeking to exclude relevant evidence that does not specifically "pertain to Mr. Schwartz's conduct on that day." Def.'s Mot. at 1. In his motion, the defendant seeks to exclude a wide array of relevant evidence related to the broader events of January 6, 2021, as well as the specific conduct of Schwartz and codefendants Jeffrey Brown and Makus Maly, claiming that "the total evidence against Mr. Schwartz consists of several videos covering at most 10 minutes of activity." *Id.* According to the defendant, any evidence that is not specifically related to Mr. Schwartz is either not probative, cumulative, or prejudicial and should be excluded. In addition, defendant Schwartz argues that "[e]vidence not related to Mr. Schwartz cannot be produced for a necessity defense or any other defense" and asks the court to exclude evidence presented by any codefendant in support of a necessity defense. Def.'s Mot. at 7-8.

The United States opposes the defendant's motion to the extent that he seeks to prematurely exclude evidence relevant to the crimes charged if that evidence does not specifically "pertain" to Mr. Schwartz. With respect to the issue of relevance, the defendant's motion is both premature and overbroad and the court should summarily deny the motion. With respect to the defendant's

1

request to exclude evidence offered by codefendants Brown or Maly in support of a "necessity defense," the government agrees that such evidence should be excluded unless the offering codefendant can establish that he is legally entitled to raise such a defense.

## ARGUMENT

### A. The Court Should Deny Schwartz's Premature and Overbroad Attempt to Exclude Relevant Evidence

In his motion, Schwartz asks the court to exclude evidence which does not specifically "pertain to Mr. Schwartz's conduct on that day." Def.'s Mot. at 1. Without identifying the supposedly objectionable evidence, he then claims that all such evidence should be excluded as either not probative, cumulative, or prejudicial. *Id.* The defendant's motion should be summarily denied as it is premature, overbroad, and will result in the exclusion of a wide range of highly relevant evidence, including evidence relevant to codefendants Brown and Maly.

In the first instance, Schwartz's motion to exclude unspecified evidence that "does not pertain to Mr. Schwartz's conduct on that day," is premature. At this early pretrial stage, the United States has not called a single witness or offered anything into evidence. As such, the defendant is relying entirely on speculation to suggest that the evidence that will eventually be offered may cumulative, prejudicial, or not probative.

The United States agrees that to be admissible evidence must satisfy Rule 401, which which provides that:

> Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.

Fed. R. Evid. 401. The government fully intends to follow the rules of evidence during the course of the trial and to offer only testimony and other evidence that comports with the Federal Rules of Evidence. However, Schwartz's request to exclude unspecified evidence is overbroad and would

unduly burden the government's ability to prosecute this three-codefendant case where the offenses occurred in the course of a large-scale riot involving thousands of individuals. For example, Schwartz neglects to address the fact that codefendants Brown and Maly are both charged in the same superseding indictment with crimes that took place in the same location during the same time period. Among other charges, Schwartz, Maly, and Brown are all jointly charged in Count 7 with aiding and abetting the assault of officers inside the Lower West Terrace tunnel. Schwartz's request, taken to its logical extreme, would prevent the United States from prosecuting his codefendants in the same trial, rendering the joinder of multiple codefendants for trial meaningless. *See* Fed. R. Crim. Pro. 8(b) (joinder is proper where defendants are "alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."). To the extent that Schwartz seeks to limit evidence related to his codefendants, the more appropriate vehicle to address the issue is a motion to sever defendants. Indeed, defendant Schwartz did file a motion to sever his case from that of his codefendants, ECF No. 120, which this court denied on October 11, 2022, ECF No. 142. Defendant Schwartz should not be permitted to relitigate this issue.

      Additionally, the defendant claims that "[n]one of the charges in the Second Superseding Indictment against Mr. Schwartz require the involvement of anyone else." Def.'s Mot. at 3. This is factually inaccurate as multiple charges against Mr. Schwartz require the government to prove the actions of other actors. For example, Schwartz and his codefendants are charged in Count 2 with Civil Disorder, in violation of 18 U.S.C. 231(a)(3), which requires the United States to prove a number of elements that concern the actions of other people. This includes, among other things: (1) that law enforcement officers were engaged in official duties; (2) that a civil disorder actually took place; (3) the defendant obstructed, impeded, or interfered with those officers during the civil

disorder; and (4) the civil disorder obstructed interstate commerce in some way. The majority of these elements require proof of the actions of other individuals, including law enforcement and other rioters, as well as the movement of interstate commerce. Similarly, defendant Schwartz is charged in Count 8 with Obstruction of an Official Proceeding, in violation of 18 U.S.C. 1512(c)(2), which also requires proof of elements that concern the actions of other people. For example, this charge requires proof that an official proceeding was taking place before Congress on January 6, 2021 and that the proceeding was interrupted by, in part, the defendant's conduct. Therefore, it is inaccurate for Schwartz to claim that "none" of the charges in this case require the involvement of anyone else.

The defendant's request to exclude relevant evidence should be summarily denied. With respect to his claims that unspecified evidence would be cumulative, not probative, or prejudicial, his arguments are premature and overbroad.

**B. Evidence Related to a "Necessity Defense" Should Be Excluded Unless the Offering Defendant First Establishes a Legal Right to The Defense**

Defendant Schwartz additionally argues that evidence should be excluded if offered by codefendants Brown or Maly in support of a "necessity defense." Def.'s Mot. at 7-8. The United States agrees that such evidence should be excluded unless the offering codefendant first establishes that he is legally entitled to raise such a defense. Further, the United States submits that neither defendant Brown nor defendant Maly will be able to demonstrate that they are legally entitled to raise such a defense.

To raise a "necessity defense" at trial, a defendant must show that:

(1) they were faced with a choice of evils and chose the lesser evil; (2) they acted to prevent imminent harm; (3) they reasonably anticipated a direct causal relationship between their conduct and the harm to be averted; and (4) they had no legal alternatives to violating the law.

4

United States v. Schoon, 971 F.2d 193, 195 (9th Cir. 1991), as amended (Aug. 4, 1992) (affirming district court's refusal to admit evidence of necessity where the necessity defense was not intended as justification for illegal acts taken in indirect political protest). Where a defendant cannot meet each of the four elements of the defense, a trial court may preclude any evidence of the defense from going before the jury. The United States submits that neither defendant Brown nor defendant Maly will be able to demonstrate that he is legally entitled to raise a necessity defense and agrees with defendant Schwartz that such evidence should ultimately be excluded after inquiry by the court.

## CONCLUSION

In light of the foregoing, the United States asks the court to deny defendant Schwartz's request to exclude relevant evidence that does not specially "pertain" to his conduct on that day. Further, the United States agrees with defendant Schwartz that evidence of a necessity defense should be excluded unless codefendants Brown and Maly establish in advance of trial that they are legally entitled to raise such a defense.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   /s/ Jocelyn Bond
JOCELYN BOND
Assistant United States Attorney
D.C. Bar No. 1008904
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 809-0793
Jocelyn.Bond@usdoj.gov